IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DAVIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1563 |
| | : | |
| THE CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 23rd day of July, 2024, upon consideration of Plaintiff Keith Davis's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. The Complaint is **DEEMED** filed.

3. The claims in the Complaint are **DISMISSED** for failure to state a claim **except for Davis's claims pursuant to 42 U.S.C. § 1983 against Defendants P. Fallen, Cunningham, and M. Santiago in their individual capacities as described in the Court's accompanying Memorandum.**

4. The Clerk of Court is **DIRECTED** to **TERMINATE** the following Defendants: (a) The City of Philadelphia; (b) Common Pleas Judge Tracy Brandeis Roman; and (c) ADA John Consheck.

5. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants as to the remaining claim:

    a. P. Fallen, Badge No. 133

      b. Cunningham, Badge No. 577

      c. M. Santiago, Badge No. 767

6. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Davis together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph five (5) of this Order.[1] The Clerk of Court is further **DIRECTED** to record the mailing on the docket.

7. To proceed with service, Davis must complete one USM-285 Form for each Defendant listed in paragraph five (5) and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Davis completes and returns these forms.

8. In completing the USM-285 Form(s), Davis is instructed as follows:

    a. Davis should complete one separate USM-285 Form for each Defendant listed in paragraph five (5) of this Order. Only one Defendant's name should appear on each USM-285 Form.

    b. Davis shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph five (5) of this Order, or any Defendant who already has been dismissed from this case.

    c. Davis should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

---

[1] This form is available online at
https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

    d. Davis must provide each Defendant's complete address at a location where that Defendant can be served. **The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.** It is Davis's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants.[2]

    e. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Davis's claims against any such Defendant.

9. Davis is cautioned that failure to return completed USM-285 Form(s) in accordance with the above instructions may result in dismissal of this case for failure to prosecute, without further notice from the Court.

10. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Davis returns in this case.

11. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**

---

[2] *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").